**BUBEN v R C A VICTOR CO, INC**

Ohio Appeals, 9th Dist, Summit Co

No 2761.  Decided March 10, 1937

Dally & Locke, Akron, for plaintiff in error.

H. B. Harris, Akron, and Berk & Berk, Akron, for defendant in error.

## OPINION

By STEVENS, PJ.

On the 19th day of August, 1930, RCA Photophone, Inc., and Frank C. Buben, entered into an agreement in writing, by the terms of which agreement "RCA Photophone grants to exhibitor for a term of ten (10) years from the acceptance of this agreement by RCA Photophone, a personal, indivisible, nonexclusive and nonassignable license to use the equipment in the theater, but not elsewhere, for the electrical reproduction of sound, both independently of and in synchronism, co-ordination or timed relation with motion pictures under all United States patents and applications for such patents and all rights to or under patents and applications relating thereto now owned or controlled by RCA Photophone, and under which RCA Photophone has the right to grant such license."

The R.C.A. Victor Co., Inc., subsequently became the owner of RCA Photophone's rights in said contract.

Said contract provided that Buben, who was a moving picture theater operator, should pay, as "rental" for said equipment, $47.50 down, and $46.75 weekly for 104 consecutive weeks, commencing on the first Saturday following the installation date of said equipment; and thereafter no further payments were required, but said Buben was required, at the expiration of said contract, to return said equipment to RCA Photophone.

During the term of said contract, and prior to the completion of all of the payments provided for therein, said Buben failed to make the payments provided to be made by the terms of said contract, and after demand had been made therefor and said Buben had continued in his failure to comply with said provision, R. C. A. Victor Co., Inc., on the 16th day of February, 1933, in compliance with the terms of said agreement, removed from said equipment certain vital parts thereof, which rendered the remainder of said equipment incapable, of use; and at a later date—to-wit, about May 20, 1935—R. C. A. Victor Co. removed the remainder of said equipment, said Buben continuing to be in default for payment.

Action was then instituted by R. C. A. Victor Co. in the Municipal Court of Akron to recover the payments stipulated in said contract up to May 20, 1935.

The defendant, Buben, filed an answer alleging, in effect, that the contract entered into between said parties was one for the conditional sale of said equipment to Buben, and alleging further that said contract was so drawn as to constitute a mere subterfuge license agreement, and was in reality a conditional sale contract; and said Buben then cross-petitioned for the recovery of 50% of the amount paid by him under the provisions of said contract, as provided in §8570, GC.

Trial to the court resulted in a judgment in favor of the R. C. A. Victor Co., Inc., in the amount of $510, which judgment, on error proceedings in the Common Pleas Court, was there affirmed, and error is now prosecuted to this court, seeking a reversal of that judgment.

The sole question presented is whether the contract entered into between said parties was and is a conditional sale contract, or a license agreement to use a patented article.

The provisions of the contract itself are clearly and unmistakably those of a license agreement, and a reading of said contract does not evidence any attempt upon the part of RCA Photophone to circumvent the provisions of the Ohio conditional sales act, and §8570, GC, thereof in particular.

It is contended by counsel for plaintiff in error, Buben, that, even though the contract does provide for the return by Buben to R. C. A. Victor Co., Inc., as the successor in interest to RCA Photophone, of the article licensed, the undisputed evidence shows that said article will be valueless, or at least of very little value, at the ex-

piration of said contract period, by reason of wear and tear and obsolescence.

It may be here remarked that said contract at no place contemplates a transfer of title to said article from the licensor to the licensee, and expressly provides for a return of said article upon the termination of said contract.

It is the conclusion of this court that said contract is a license agreement, and not a conditional sale contract; and ▉▉▉▉ in construing said contract, the following, quoted from 48 C. J., "Patents," §416, entitled "Rights and Interests Conveyed—(1) in General," is of interest:

"The rights and interests of the parties to a license agreement are to be ascertained from its terms, including the limitations and restrictions which it contains. The patentee may grant a license upon any condition, the performance of which is reasonably within the reward which the patentee by the grant of the letters patent is entitled to secure * * *."

With reference to plaintiff in error's contention concerning the value of the returned article, the following would seem to be a proper statement of the rule in connection therewith:

Where a patented article, which is to be returned to the licensor at the expiration of the license term, is at that time of little or no value because of wear ▉▉▉▉ and tear or obsolescence, this fact, in and of itself, is not a controlling feature in a suit to recover the compensation stipulated in the license agreement, where the licensee has interposed the defense that the agreement is one of condiional sale and not of license.

The principal end sought to be attached by a license agreement is usually the grant, by the licensor to the licensee, of the right to use the patented article for a specified period of time, in return for the payments stipulated to be made for said use. The return of the article to the licensor, upon the termination of said con-▉▉▉▉ tract, even though said article is of little or no value, is a mere incident to the principal end sought to be attained by the parties, and such provision accordingly does not require the conclusion that the agreement of license was a subterfuge designed to circumvent the conditional sales act.

The judgment of the Court of Common Pleas in favor of R. C. A. Victor Co., Inc., will be affirmed.

WASHBURN and DOYLE, JJ, concur in judgment.